UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM D. SOWELL, WILLIAM D. SOWELL JR. AND RYAN T. SOWELL, | ECF CASE |
| Plaintiffs, | No.: |
| v. | COMPLAINT |
| PLANET MECHANICAL CORP. AND LOUIS REVITHAS, Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

1.      Plaintiffs William D. Sowell ("Sowell Sr."), William D. Sowell Jr. ("Sowell Jr.") and Ryan T. Sowell ("R. Sowell") worked for Defendants Planet Mechanical Corp. and Louis Revithas ("Defendants") at their heating, ventilation and air conditioning ("HVAC") installation and repair company.

2.      Despite working more than 40 hours most weeks and being paid an hourly rate, Defendants failed to pay Plaintiffs overtime premium pay for every hour they worked above 40. Also, Defendants fired Sowell Sr. because he refused to retire at his age and then fired his sons because he refused to retire.

3.      Plaintiffs asserts the following claims against Defendants: unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law"); failure to provide the Notice and Acknowledgment of Payrate under the Labor Law; failure to provide the written wage statement under the Labor Law; and slander *per se* under New York common law.

4.      Plaintiff Sowell Sr. asserts age discrimination claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") against

Defendants and Plaintiffs Sowell Jr. and R. Sowell assert association discrimination claims under the NYSHRL and NYCHRL against Defendants.

<u>JURISDICTION, VENUE & ADMINISTRATIVE PROCEDURES</u>

5.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337 and 1343, supplemental jurisdiction over the Labor Law, NYSHRL and NYCHRL claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

7.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

8.     Following commencing this action, a copy of this Complaint will be served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, satisfying the notice requirements of the New York City Administrative Code.

<u>THE PARTIES</u>

9.     Plaintiff Sowell Sr. was, at all relevant times, an adult individual, residing in Milltown, New Jersey.

10.     Plaintiff Sowell Jr. was, at all relevant times, an adult individual, residing in East Brunswick, New Jersey.

11.     Plaintiff R. Sowell was, at all relevant times, an adult individual, residing in Milltown, New Jersey.

12.     Upon information and belief, Planet Mechanical is a New York domestic business corporation that is organized under New York law and authorized to do business in the State of

New York. Its principal place of business is at 8-17 37th Avenue, Long Island City, New York 11101.

13.     Louis Revithas was, at all relevant times, the President of Planet Mechanical.

14.     Upon information and belief, Planet Mechanical is an enterprise engaged in commerce or in the production of goods for commerce. Planet Mechanical is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include air conditions, repair tools, computers and copy machines.

## STATEMENT OF FACTS

Overview

15.     Planet Mechanical is an HVAC installation and repair company located at 8-17 37th Avenue, Long Island City, New York.

16.     Planet Mechanical, upon information and belief, employs more than 11 employees.

17.     Defendant Louis Revithas had the authority to and did hire and fire Plaintiffs, set their pay, determine their employment terms and conditions, and specify their job responsibilities.

18.     Defendants did not have a policy or practice to track the specific hours Plaintiffs worked on any given day.

19.     Defendants paid Plaintiffs an hourly rate.

20.     Defendants classified Plaintiffs as non-exempt for overtime purposes and therefore entitled to overtime premium pay when they worked more than 40 hours in a week.

Plaintiff Sowell Sr.'s duties, hours worked and compensation

21.     On September 12, 2016, Defendants hired Plaintiff Sowell Sr. originally in sales and, after two weeks, was given the title of Vice President of Service.

22.     Plaintiff Sowell Sr. reported directly to Defendant Revithas.

23.     Plaintiff Sowell Sr.'s primary job duties include working as a liaison between Revithas and field technicians, reviewing Accounts Receivable and sales, physically working on job projects with field technicians. Plaintiff Sowell Sr. did not have authority to hire and fire employees.

24.     When performing his duties, Plaintiff Sowell Sr. did not exercise discretion in doing so.

25.     When performing his duties, Plaintiff Sowell Sr. performed his duties following the strict guidelines that Defendant Revithas directed and was given no meaningful latitude in how to perform his duties.

26.     Defendants paid Plaintiff Sowell Sr. $99.10 per hour.

27.     Plaintiff Sowell Sr. work schedule was, on average, from 5:30 a.m. to 8:00 p.m., Monday to Friday with a 30-minute break, totaling 70 hours.

28.     Defendant Revithas was aware, via emails and phone calls, that Plaintiff Sowell Sr. was working beyond his normal hours and did nothing to stop this.

29.     Defendants regularly did not pay Plaintiff Sowell Sr. for the hours he worked above 40 in a week.

30.     Defendants only paid Plaintiff Sowell Sr. for the hours he worked over 40 in a week if it was for a project and they could bill a customer for his time but, even then, only paid him for 50 hours when he was working more than 50 hours.

31.     Defendants paid Plaintiff Sowell Sr. up to 50 hours in a week approximately 5 weeks per year.

32.     Defendants agreed to pay Plaintiff Sowell Sr. a fix, non-discretionary annual bonus of $35,000.

Plaintiff Sowell Jr. 's duties, hours worked and compensation

33.     On December 14, 2015, Defendants hired Plaintiff Sowell Jr. to work as the Commercial Service Manager.

34.     Plaintiff Sowell Jr. reported directly to Defendant Revithas.

35.     Plaintiff Sowell Jr.'s primary duties included selling Plant Mechanical's services, coordinating the service technicians and overseeing the jobs.

36.     Plaintiff Sowell Jr. could not hire or fire employees.

37.     When performing his duties, Plaintiff Sowell Jr. was required to follow the strict policies and procedures Defendant Revithas mandated.

38.     When performing his duties, Plaintiff Sowell Jr. was not allowed to and did not exercise any meaningful discretion when completing his duties.

39.     Defendants paid Plaintiff Sowell Jr. $58.25 per hour.

40.     Plaintiff Sowell Jr.'s work schedule was from 6:00 a.m. to 5:00 p.m., Monday to Friday with a 30-minute break, totaling 52.5 hours.

41.     Plaintiff Sowell Jr., most weeks, worked beyond his regular schedule.

42.     Plaintiff Sowell Jr. would work till 12:00 a.m. and sometimes 2:00 a.m. handling service calls.

43.     Plaintiff Sowell Jr. regularly worked between 60-80 hours per week.

44.     Defendant Revithas was aware, via emails and phone calls, that Plaintiff Sowell Jr. was working beyond his normal hours and did nothing to stop this.

45.     Defendants paid Plaintiff Sowell Jr. only for 43 hours per week, unless they could bill a client for all of the hours he worked.

46.     Defendants did not pay Plaintiff Sowell Jr. for the hours he worked above 43 in a week, unless they could bill a client for all of the hours he worked.

47.     Defendants were able to bill a client for all the hours Plaintiff Sowell Jr. worked approximately 6 weeks per year.

48.     Defendants paid Plaintiff Sowell Jr. for all of the hours he worked approximately 6 weeks per year.

49.     Plaintiff Sowell Jr. complained to Defendant Revithas about his work hours, to which Defendant Revithas responded "I'm management.  Take it or leave it."

50.     Defendants required Plaintiff Sowell Jr. to be "on call" during the after hours at least one day per week.

51.     During his on call time, Plaintiff Sowell Jr., was required to immediately respond to any customer inquiries, had to stay within a limited distance of Defendants' office, and he was not permitted to drink alcohol.

52.     Plaintiff Sowell Jr. frequently received work calls during his on-call time.

53.     Defendants agreed to pay Plaintiff Sowell Jr. $150 per week for being on-call.

54.     Defendants paid Plaintiff Sowell Jr. $150 for being on-call only 7 weeks during his employment.

Plaintiff R. Sowell's duties, hours worked and compensation

55.     On September 2, 2016, Defendants hired Plaintiff R. Sowell to work as the Operations Managers.

56.     Plaintiff R. Sowell's primary duties included organizing the jobs and going on-site to oversee the jobs.

57.     Plaintiff R. Sowell could not hire or fire employees.

58.     Defendant Revithas had strict policies and procedures for every significant task that Plaintiff R. Sowell performed.

59.     When performing his duties, Plaintiff R. Sowell was required to follow the strict policies and procedures Defendant Revithas mandated.

60.     When performing his duties, Plaintiff R. Sowell was not allowed to and did not exercise any meaningful discretion when completing his duties.

61.     Plaintiff R. Sowell did not have the authority to nor did he hire and fire employees.

62.     Defendants paid Plaintiff R. Sowell $58.25 per hour.

63.     Plaintiff R. Sowell's work schedule was from 7:00 a.m. to 3:30 p.m., Monday to Friday and had a 30-minute break, totaling 40 hours.

64.     Plaintiff R. Sowell regularly worked till 5:00 p.m. or later Monday to Friday, resulting in him working at least 50 hours per week.

65.     Defendants did not require Plaintiff R. Sowell to clock in and out to track his time.

66.     Defendant Revithas was aware, via emails and phone calls, that Plaintiff R. Sowell was working beyond his normal hours and did nothing to stop this.

67.     Defendant Revithas often called and emailed Plaintiff R. Sowell, Plaintiff W. Sowell Sr. and Plaintiff W. Sowell Jr. past 3:30 p.m.

68.     Defendants on the rare occasion paid Plaintiff R. Sowell overtime.

69.     Defendants regularly did not pay Plaintiff R. Sowell for the hours he worked above 40 in a week.

70.     Defendants only paid Plaintiff R. Sowell for the hours he worked over 40 in a week if it was for a project and they could bill a customer for his time but, even then, only paid him for 50 hours when he was working more than 50 hours.

Defendants firing Plaintiffs

71.     Plaintiff W. Sowell Sr. is 62 years old.

72.     During a meeting that occurred on or November 19, 2020, Defendant Revithas asked Plaintiff W. Sowell Sr. when he is going to retire.

73.     Defendant Revithas asked Plaintiff W. Sowell Sr. when he is going to retire because of Plaintiff W. Sowell Sr.'s age.

74.     During that November 19, 2020 meeting, Plaintiff W. Sowell Sr. said he has no plans on retiring and Defendant Revithas stated it is time for him to retire and that he should, to which Plaintiff W. Sowell Sr. said he believes Defendant Revithas' comments to be age discrimination.

75.     The November 19, 2020 meeting ended with Plaintiff W. Sowell Sr. refusing to retire.

76.     During that November 19, 2020 meeting, Bernadette (Controller) kept asking Plaintiff W. Sowell Sr. whether he is going to retire. Plaintiff W. Sowell Sr. made clear he has no intention of retiring.

77.     Bernadette asked Plaintiff W. Sowell Sr. when he is going to retire because of Plaintiff W. Sowell Sr.'s age.

78.     On November 18, 2020, Defendant Revithas approached Plaintiff R. Sowell about the idea of making his father retire and Plaintiff R. Sowell replacing him.  Plaintiff R. Sowell responded by stating his father has no intention of retiring.

79.     On December 3, 2020, Defendants fired Plaintiff W. Sowell Sr.

80.     Only one other employee was fired at the same time as Plaintiff W. Sowell Sr. and that other employee was 62 years old when fired.

81.     Shortly after firing the Plaintiffs, Defendant Revithas announced to others, "I fired one Sowell, so I had to fire the other Sowells."

82.     On December 4, 2020, Defendants fired Plaintiff W. Sowell Jr.

Labor Law recordkeeping violations

83.     Defendants failed to supply Plaintiffs with the required Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

84.     Defendants did not provide Plaintiffs with a written statement specifying the exact hours they worked.

Slander

85.     Shortly after firing them, Defendant Revithas told Henry Volberg, Gina Gargulio, Charles Sampey, James Haire, Shane White, Joe Piegaro, Levar Cheetham, Asim Coku, Leo Meeker Jr, Eric Sala, Anton Dovbush that Plaintiffs had stolen money from the company and deleted invoices.

86.     Shortly after firing them, Defendant Revithas has told those outside of the company that the Plaintiffs are trying to lure away the company's clients.

87.     It is false to state Plaintiffs stole money and deleted invoices.

88.     Defendant Revithas made these false statements to those who work outside of the company.

89.     Defendant Revithas knew, when making these statements, that they are false.

90.     Defendant Revithas made these false statements injure Plaintiffs' reputation in the HVAC professional community.

91.     When a friend of Plaintiff W. Sowell Sr. emailed him using his Plaint Mechanical-issued phone number, Defendant Revithas responded by referring to Plaintiff W. Sowell Sr. as a "piece of sh*t . . . He is no longer with Planet."  Defendant Revithas has made similar comments to friends and family members of Plaintiff W. Sowell Sr. who called his company phone.

## FIRST CAUSE OF ACTION
## UNPAID OVERTIME UNDER THE FLSA

92.     Plaintiffs repeat every preceding allegation as if set forth fully herein.

93.     Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

94.     Defendants employed Plaintiffs within the meaning of the FLSA.

95.     As an employer within the meaning of the FLSA, Defendant Revithas is individually liable.

96.     Defendants classified Plaintiffs as non-exempt employees who are entitled to overtime.

97.     When performing their primary duties, Plaintiffs were not comparing and evaluating possible courses of conduct and then making a decision after considering all of the possibilities. They performed their primary duties by following the strict guidelines Defendants established for them.

98.     Plaintiffs were not, in performing their primary duties, free to make an independent choice, free from Defendant Revithas' direction or supervision.

99.     Defendants were required to pay Plaintiffs no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

100.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs the proper overtime compensation for their hours worked in excess of 40 hours per workweek.

101.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

102.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

103.     Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

<u>SECOND CAUSE OF ACTION</u>
UNPAID OVERTIME UNDER THE NEW YORK LABOR LAW

104.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

105.    Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiffs.

106.    The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

107.    As an employer within the meaning of the Labor Law, Defendant Louis Revithas is individually liable.

108.    Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

109.    Defendants failed to pay Plaintiffs the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

110.    Upon information and belief, Defendants failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

111.    Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiffs overtime.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.1 NOTICE

112.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

113.    Defendants willfully failed to supply Plaintiffs with the required Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

114.    Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiffs are entitled to recover $50.00 for each workday that the violations occurred or continue to occur, or a maximum of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## FOURTH CAUSE OF ACTION
### FAILURE OT PROVIDE THE N.Y. LAB. LAW § 195.3 WAGE STATEMENT

115.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

116.    Defendants willfully failed to supply Plaintiffs with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

117.    Due to their violations of N.Y. Lab Law § 195.3, Plaintiffs are entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## FIFTH CAUSE OF ACTION
### AGE DISCRIMINATION UNDER THE NYSHRL
### BY PLAINTIFF W. SOWELL SR.

118.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

119.    At all relevant times, Plaintiffs were "employees" and "persons" within the meaning of the NYSHRL and Defendants were  "employers."

120.    Defendant Revithas had the authority to affect Plaintiffs' employment terms and conditions.

121.    Defendant Revithas is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim. N.Y. Exec. Law §§ 296(1), 296(6).

122.    The NYSHRL prohibits employment discrimination based on age. N.Y. Exec. Law § 296(1)(a).

123.    Defendants discriminated against Plaintiff W. Sowell Sr. by firing him because of his age.

124.    Planet Mechanical is strictly liable for the actionable discriminatory environment created by its supervisors who had immediate or successively higher authority over Plaintiff Mendez.

125.    As a result of Defendants' discrimination of him, Plaintiff W. Sowell Sr. has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

<u>SIXTH CAUSE OF ACTION</u>
AGE DISCRIMINATION UNDER THE NYCHRL
BY PLAINTIFF W. SOWELL SR.

126.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

127.    At all relevant times, Plaintiffs were "employees" and "persons" within the meaning of the NYCHRL and Defendants were "employers."

128.    Plaintiff W. Sowell Sr. was treated less well than his co-workers because of his age, violating N.Y.C. Admin. Code § 8-107(1)(a).

129.    Defendants discriminated against Plaintiff W. Sowell Sr. by firing him because of his age.

130.    Defendant Revithas is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim.

131.    Planet Mechanical is strictly liable for the actionable discriminatory environment created by its supervisors who had immediate or successively higher authority over Plaintiff W. Sowell Sr.

132.    Defendants discriminated against Plaintiff W. Sowell Sr. with malice and/or reckless indifference to his rights under the NYCHRL.

133.    As a result of Defendants discrimination of him, Plaintiff W. Sowell Sr. has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

SEVENTH CAUSE OF ACTION
ASSOCIATION DISCRIMINATION UNDER THE NYSHRL
BY PLAINTIFF W. SOWELL JR. AND R. SOWELL

134.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

135.    In 2016, the New York State Division of Human Rights adopted regulations clarifying the NYSHRL making clear employers cannot discriminate against employees because of their relationship or association with members of a protected class.

136.    The new regulations expanded the definition of "unlawful discrimination" to include discrimination on the basis of an "individual's known relationship or association with a member or members of a protected category." 9 N.Y.C.R.R. § 466.14.

137.    Defendants fired Plaintiffs W. Sowell Jr. and R. Sowell because they are Plaintiff W. Sowell Sr.'s sons.

138.    Defendant fired Plaintiff W. Sowell Sr. because of his age.

139.    Defendants fired Plaintiffs W. Sowell Jr. and R. Sowell because of their known association with Plaintiff W. Sowell Sr., who is over 40, violating the NYSHRL.

140.    Defendant Revithas is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim. N.Y. Exec. Law §§ 296(1), 296(6).

141.    As a result of Defendants' discrimination of them, Plaintiff W. Sowell Jr. and Plaintiff R. Sowell have suffered and continue to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

<u>EIGHTH CAUSE OF ACTION</u>
ASSOCIATION DISCRIMINATION UNDER THE NYCHRL
BY PLAINTIFF W. SOWELL JR. AND R. SOWELL

142.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

143.    At all relevant times, Plaintiffs were "employees" and "persons" within the meaning of the NYCHRL and Defendants were "employers."

144.    THE NYCHRL prohibits employment discrimination against individuals because of their association with actual or perceived members of a protected class. N.Y.C. Admin. Code § 8-107(20).

145.    Defendants fired Plaintiffs W. Sowell Jr. and R. Sowell because they are Plaintiff W. Sowell Sr.'s sons.

146.    Defendant fired Plaintiff W. Sowell Sr. because of his age.

147.     Defendants fired Plaintiffs W. Sowell Jr. and R. Sowell because of their known association with Plaintiff W. Sowell Sr., who is over 40, violating the NYCHRL.

148.     Defendant Revithas is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim.

149.     As a result of Defendants' discrimination of them, Plaintiff W. Sowell Jr. and Plaintiff R. Sowell have suffered and continue to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

## NINTH CAUSE OF ACTION
### SLANDER *PER SE*

150.     Plaintiffs repeat every preceding allegation as if set forth fully herein.

151.     Defendant Revithas made false statements about Plaintiffs stealing money and deleting invoices.

152.     Defendant Revithas published these false statements to third parties by going beyond the Plaintiffs and the company.

153.     Defendant Revithas knew these statements to be false when he made them.

154.     Defendant Revithas made these statements to injure Plaintiffs' reputation in the HVAC professional community.

155.     Defendant Revithas is accusing Plaintiffs of a serious crime by falsely claiming they stole money from the company.

156.     No privilege applies to these statements.

TENTH CAUSE OF ACTION
UNPAID WAGES UNDER THE LABOR LAW
ON BEHALF OF PLAINTIFFS W. SOWELL SR. AND W. SOWELL JR.

157.    Plaintiffs repeat every preceding allegation as if set forth fully herein.

158.    Defendants guaranteed to pay Plaintiffs W. Sowell Sr. a non-discretionary, fixed annual bonus of $35,000.00.

159.    Plaintiffs W. Sowell Sr.'s bonus constitutes wages under N.Y. Lab. Law § 198.

160.    Defendants never paid Plaintiffs W. Sowell Sr. his bonus.

161.    For Plaintiff W. Sowell Jr., Defendants guaranteed him a $150 non-discretionary, fixed bonus for being on call throughout the week.

162.    Plaintiffs W. Sowell Jr.'s bonus constitutes wages under N.Y. Lab. Law § 198.

163.    Defendants paid Plaintiffs W. Sowell Jr. his $150 weekly bonus approximately 7 times.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, Labor Law, NYSHRL and NYCHRL;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    Due to Defendants' Labor Law and FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper;

   d. An award for unpaid overtime and liquidated damages under the Labor Law and the FLSA;

   e. An award for failing to provide the Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1;

   f. An award for failing to provide the required wage statement under N.Y. Lab. Law § 195.3;

   a. An award for back pay and front pay under the NYSHRL and NYCHRL;

   b. An award for Defendants' slander of Plaintiffs;

   c. Defendants being jointly and severally liable;

   d. Equitably tolling the statute of limitations under the FLSA;

   e. An award of pre-judgment and post-judgment interest;

   f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

   g. Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact

the Complaint raises.

Dated:  New York, New York
        March 16, 2021

                        LIPSKY LOWE LLP


                        <u>s/ Douglas B. Lipsky</u>
                        Douglas B. Lipsky
                        Sara Isaacson
                        420 Lexington Avenue, Suite 1830
                        New York, New York 10170-1830
                        212.392.4772
                        doug@lipskylowe.com
                        sara@lipskylowe.com